J-S77011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
ROBERT HORTON   :
  :
      Appellant   :   No. 700 EDA 2017

Appeal from the Judgment of Sentence January 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012566-2015,
CP-51-CR-0012567-2015

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                  **FILED JANUARY 30, 2019**

Robert Horton appeals from the judgment of sentence imposed on January 13, 2017, in the Court of Common Pleas of Philadelphia County. A jury convicted Horton of two counts of robbery, three counts of criminal conspiracy, and two counts of attempted theft by unlawful taking.[1] The trial court sentenced Horton to an aggregate term of 14 to 28 years' incarceration. Horton challenges the sufficiency and weight of the evidence. Based upon the following, we affirm on the basis of the trial court's opinion.

Horton's convictions stem from his participation in an armed robbery on September 18, 2015. In its opinion, the trial court fully and correctly sets forth the procedural and factual history of this case. **See** Trial Court Opinion,

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903, 901(a), respectively.

8/8/2017, at 1–7. Therefore, there is no need to restate the background of this case.

Horton presents two issues for this Court's review:

Did the jury improperly convict [Horton] where there was insufficient evidence of: (1) intent by [Horton] to take movable property in support of the robbery convictions; (2) intent by [Horton] to take movable property in support of the attempted theft by unlawful taking convictions; and (3) [Horton's] agreement with a person or persons to promote or facilitate a crime in support of any of the conspiracy convictions[?]

Did the court improperly convict [Horton] where the verdict was contrary to the weight of the evidence[?]

Horton's Brief at 2.[2]

After a thorough review of the record, the briefs of the parties, the applicable law and standards of review, and the well reasoned opinion of the Honorable Susan I. Schulman, we conclude Horton's claims warrant no relief. The trial court's Pa.R.A.P. 1925(b) opinion ably addresses and properly disposes of these questions. *See* Trial Court Opinion, 8/8/2017, at 8-14 (finding: (1) Horton and his cohort, by word and deed, attempted to rob Messrs. Shabazz and Gilliam at gunpoint; Horton, who was not a stranger to Mr. Shabazz (to the degree he had pictures of Horton in his phone), feigned entry into Mr. Gilliam's truck and announced, "This is the trap right here," while in lockstep unison Horton's cohort came running around the front of the truck with a handgun pointed, and yelled, "Give that shit up"; the evidence

---

[2] Horton timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

adduced at trial amply supported the jury's verdict; Horton's claim that Mr. Gilliam's testimony was incredible fails because Mr. Gilliam did not testify at trial, and further such claim goes to weight of the evidence; Horton's claim that the Commonwealth failed to present any physical or scientific evidence to corroborate the complainant's account of the incident fails because the physical scientific evidence was entirely consistent with Mr. Shabazz's testimony; Horton's claim that "examination of his cell phone showed that this complainant had not contacted or been contacted by [Appellant] prior to the incident" fails because Horton does not identify "this complainant." Furthermore, Horton's claim does not remove or reduce the quantum of evidence adduced at trial, and therefore goes to weight, not sufficiency of the evidence, and it matters not what the cell phone of one of two complainants allegedly contained regarding contact with Horton; and Horton's claim that there was no evidence of criminal conspiracy fails because the evidence in this case established a classic, indeed explicit, conspiracy; (2) The trial court is confident that the jury's verdict was soundly supported by the weight of the evidence;[3] Mr. Shabazz presented detailed, candid, consistent and

_____

[3] With respect to the weight claims, our standard of review is well settled: "[A]n appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination." *Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013), cert denied, 134 S. Ct. 1792 (U.S. 2014).

uncontradicted testimony, Horton had – and availed himself of – the opportunity to present Mr. Shabazz's criminal record to the jury, and the jury was entitled to credit Mr. Shabazz's testimony; and there is nothing in the jury's verdict that is so contrary to the evidence that it shocks one's sense of justice).  We agree with the trial court's analysis and find no need to elaborate upon Judge Shulman's discussion.  Accordingly, we affirm.[4]

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/19

---

[4] In the event of further proceedings, the parties are directed to attach a copy of Judge Schulman's August 8, 2017, opinion to this memorandum.